CITY OF CASPER, a Municipal Corporation,

*Plaintiff and Respondent,*

vs.

ALEXANDER SIMPSON,

*Defendant and Appellant.*

(No. 2541; August 19th, 1952; 247 Pac. (2d) 154)

For the defendant and appellant the cause was submitted upon the brief of Thomas A. Nicholas of Casper, Wyoming, and oral argument by Mrs. Barbara C. Haslam of Casper, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of Wm. H. Brown, Jr. and Donald E. Chapin both of Casper, Wyoming, and oral argument by Mr. Chapin.

## OPINION

BLUME, Chief Justice.

The petition of the City of Casper, much abbreviated, alleges as follows:

1. Plaintiff is a Municipal Corporation.

2. Defendant is the owner of lot number ten (10) in Natrona Heights Resubdivision of the West Seven Feet (W 7') of Lot One (1) in Block 52, and all of Blocks 53, 54 and 55 in White's Addition to the City of Casper, Natrona County, Wyoming.

3. Defendant is the owner of a certain stone monument business wherein and whereby defendant manufactures or finishes stone monmuments, gravestones and other stone products in Casper, Wyoming.

4. The City of Casper on February 11, 1946, had an ordinance relating to building and construction of buildings, adopted May 16, 1922, and amended on October 19, 1936, and the ordinance as so amended is in full force and effect.

5. On May 19, 1946, the city adopted an ordinance numbered 901-A referring to zoning in the City of Casper.

6. On February 11, 1946, defendant applied for a building permit proposing to build a one-story memorial shop to be constructed of stone containing one room and office, representing that the building was to be built on the rear of the lot in order that the finished monmument products could be displayed on the front of said lot. Notice of the application was given and a hearing was had thereon and the application for the construction of such building was rejected by the Mayor and Council of the City of Casper.

7. On March 24, 1947, defendant filed a second application for a building permit representing that he wanted to build a one-story house on the property above mentioned. A building permit for such building was issued by the Building Inspector of the City of Casper.

8. On April 27, 1948, defendant filed a third application for building permit for the construction of a two-car garage to be built of sandstone blocks on the above described property. A permit therefor was issued.

9. Defendant obtained the permit as above mentioned through misrepresentation and did so in order to circumvent objections of the City of Casper as to the construction of a memorial shop or stone works on the property. After constructing the building for which a permit was issued, defendant commenced to display stones and monuments and to conduct a commercial

business on said property, all of which was done in direct violation of the ordinance of the city.

10. The allegations of paragraph 10 are as follows: "That the carrying-on and conduct of a commercial business on the property owned by the Defendant and the conversion of said proposed residence property into a combination residence and business property, the displaying of the Defendant's goods, wares and merchandise on and about the above mentioned lot, and the operation of Defendant's stone machinery on said premises all constitute a nuisance and are in violation of the above mentioned Ordinances and that the Defendant has persisted and does persist in continuing to carry out such acts even though demand has been made upon the Defendant to cease and desist such practices. That ever since the said Defendant has installed the stone machinery above mentioned, which was installed after the enactment of said Ordinance Number 901-A, said machinery and the use thereof has created noises and has distributed dirt over and about the adjoining property, that the same has constituted a nuisance and a disturbance and that the Defendant's continued violation of said Ordinances should be permanently enjoined by a proper order and judgment of this Court."

11. Plaintiff brings the action for itself and for all interested citizens in the neighborhood of defendant's property.

Plaintiff accordingly prayed that the defendant be permanently enjoined and restrained from carrying on or conducting any commercial business or enterprise of the nature hereinabove mentioned.

The petition above mentioned was filed in the district court on May 1, 1950. Thereafter and on May 27, 1950, the defendant, through his attorney, filed the following motion to amend and strike: "The defendant Alex-

ander Simpson moves that the plaintiff (be) required to amend his petition by showing the provisions of the Ordinances alleged in Paragraphs 4 and 5 because the allegations do not show that the same are applicable and do not show any cause of action, and on the contrary the allegations of paragraph 4 indicate that the same are not sufficient to set up a cause of action, and the allegations of paragraph 5 indicate that the same is dated subsequent to the matters complained of.

"2. The plaintiff (defendant) moves to strike paragraph 6, 7, 8, 9, 10, and 11 of plaintiff's petition because the same contain matter that is redundant, immaterial, and consists of legal conclusions."

Thereafter on August 12, 1950, it was stipulated and agreed by the parties that photostatic copies of the ordinances passed by the City of Casper had been furnished to the defendant in this case. Copies of the ordinances are embodied in the record on appeal herein.

Thereafter and on March 6, 1951, the foregoing motion of the defendant filed in the case on May 27, 1950, was overruled by the court and the court ordered as follows: "* * * that the said Defendant shall have ten (10) days after date hereof or to and until the 16th day of March, 1951, in which to further plead to the Petition of Plaintiff."

The defendant instead of pleading further, on March 7, 1951, filed the following motion in the case to-wit: "It having appeared upon the argument of the motion t omake more definite and certain that the plaintiff relies upon an alleged nuisance without regard to any ordinance, and also upon alleged ordinances of the City of Casper, the defendant moves that the plaintiff be required to separately state and number its several causes of action, and separate those based upon the general law as to nuisances, from those based upon

various ordinances, and segregate those under each separate ordinance."

The case came on for hearing in the court on September 5, 1951. Counsel for the city moved that the defendant be adjudged to be in default on account of not having pleaded further as theretofore directed by the court. The court sustained the motion and entered judgment for plaintiff. At that time, the defendant offered to file an answer in the case but the court refused to permit the defendant to file it. The court stated: "* * * the Defendant is in default and the Court is not satisfied that the Defendant has a meritorious defense to the cause of action stated in Plaintiff's Petition, nor that the said Defendant did not file said second motion for dilatory purposes and delay, and that Defendant's request for leave to file the answer offered to the Court should be denied." The court accordingly issued an injunction against the defendant. Thereafter the defendant filed a motion to vacate the judgment entered by the court. This motion was denied by the court on September 14, 1951, and an appeal has been taken to this court.

Counsel for appellant contends that there is no inherent objection to the filing of a second motion. That depends upon the nature of the second motion. It may be that the court in its discretion might have permitted the second motion to be filed and might have refused to enter a judgment by default. The course taken by the court was to the contrary. We think that it did not abuse its discretion for the following reasons:

1. The first motion filed on May 27, 1950, in which the defendant sought to obtain knowledge of the ordinances and to strike certain parts of the petition, was overruled on March 6, 1951, and the defendant was given ten days in which to plead further. The defendant failed to comply with the order of the court and

instead of pleading filed a second motion on March 7, 1951, to have the plaintiff separately state and number its causes of action. The defendant was in default for a period of about six months. Under the Federal Rules of Procedure, there seems to be no definite dividing line between pleadings and motions, inasmuch as the demurrer has been abolished. But that is not true under our procedure. Section 3-1203 Wyo. Comp. St. 1945 provides that the only pleadings are a petition, a demurrer, an answer and a reply, and that appears to be the general rule. 42 C.J. 465, 60 C.J.S. 5.

2. It is stated in 71 C.J.S. 1017, § 503: "Since a motion to compel the separate statement and numbering of causes of action or defenses is based on a technical objection, it must be made promptly and at the first opportunity." There is no merit in the contention that the defendant did not know until March 6, 1951, that the plaintiff's petition was subject to such motion. If it was so subject, it was by reason particularly of paragraph 10 of the petition. That was never amended. Hence it was just as plain at the time when the petition was filed as to whether or not it was subject to the motion in question as it was on March 7, 1951. The delay in filing it for a whole year was too long.

3. Since what has been said is true, it follows that defendant presented his objections by installments. It is stated in 60 C.J.S. 44 as follows: "According to some decisions the denial of a motion is not necessarily a bar to its renewal where the second motion raises an entirely different question. On the other hand, the renewal of an interlocutory motion has been denied, although the second motion was made on a somewhat different ground, and it has been held or recognized that interposing a second motion is not a proper practice where it would result in permitting a party to bring forward his objections by installments, without

any excuse for not presenting all his objections on the former motion." In 42 C.J. 521, it is said that where the grounds of a second motion were known at the time of filing the first motion "and might have been brought forward on the original motion, a renewal based thereon will not be permitted." Many cases are cited. In King v. Pony Gold Mining Co., 24 Mont. 470, 62 P. 783, the court said: "The grounds of the present motion existed and were known to the respondent when he filed the original motion to dismiss, and no reason is suggested why the matters now urged were omitted from the former motion. The general rule is that successive motions will not lie to dismiss an appeal where the grounds of the second motion existed at the time the first motion was interposed." So in Mills v. Thursby, 11 Howard's Practice Reports (N. Y.) 114, it was held that " 'a party complaining of any proceeding in a cause must embody all objections, then existing, in one motion; he cannot make a separate motion for each objection.' " That is in conformity with Rule 12 (g) of the Federal Rules of Procedure, that all available defenses and objections should be raised at the same time, with certain exceptions not involved herein.

Under the record before us and applying the rules above mentioned, we have no reason to disagree with the trial court that defendant merely meant to delay final judgment and to protract the litigation unnecessarily. That is contrary to the policy of the law. The judgment of the trial court is accordingly affirmed.

*Affirmed.*

RINER, J., and ILSLEY, J. concur.